## ERASTUS STONE *versus* WILLIAM HYDE & *al.*

By St. 1821, c. 60, an attorney conducting a suit has a lien for his costs upon the judgment recovered, which the creditor cannot discharge.

Such lien is not discharged by a delay of several years to collect the demand, if there be no negligence on the part of the attorney, and the debtor has notice of the claim.

Although a judgment on which the attorney in that suit has a lien for his costs has been discharged by the creditor, the attorney may enforce his claim by an action on the judgment in the name of the creditor.

THE action was debt on two judgments recovered by the plaintiff against the defendants in 1834, the costs in both suits amounting to $33,60. Messrs. Smith & Bradford were the attorneys of record of the plaintiff in the recovery of these judgments. In August, 1839, the defendants made a compromise with the plaintiff, then residing in New York, by paying a portion of these judgments, and received a full release and discharge of the debts and costs, without the consent or knowledge of Smith or Bradford, and without making any provision for the payment of the costs. Within the last year prior to this release and discharge of the judgments, the defendants had made several unsuccessful attempts to compromise this debt with Smith & Bradford, as the attorneys of the plaintiff, by paying a small portion thereof. Smith & Bradford have not been paid their costs, and this suit is brought by them to recover a sum equal to the amount thereof. If the action could be maintained for that purpose, the defendants were to be defaulted; and if not, under the circumstances, the plaintiff was to become nonsuit.

*F. O. J. Smith,* for the plaintiff, admitted that by the common law, an attorney had not such lien for his costs upon a judgment recovered as would disable his client from discharging the whole judgment.

But he contended that by a Massachusetts statute, re-enacted here, Maine St. 1821, c. 60, § 4, such lien is given to the attorney. And he considered the question entirely settled by decisions in Massachusetts and this State. *Baker* v. *Cook,* 11 Mass. R. 236; *Dunklee* v. *Locke,* 13 Mass. R. 525.

*Ocean Ins. Co.* v. *Rider,* 22 Pick. 210; *Potter J.* v. *Mayo,* 3 Greenl. 37.

*Preble,* for the defendants, said that at common law an attorney had no lien for his costs. *Getchell* v. *Clark,* 5 Mass. R. 309; *Baker* v. *Cook,* 11 Mass. R. 236.

The statute of 1821, c. 60, gives no rights to the attorney, but merely prohibits the officer from setting off the costs of the attorney, in cases where set-off is allowed. The whole execution may be levied on real estate, and the property will be wholly in the creditor. Here the attorneys had failed for years to collect the debt, and had declined to compromise it. The creditor chose to take a part of his debt against insolvent men, rather than lose the whole, and there is no law to restrain the creditor and debtor from making such arrangements. The legislature never could have intended by that statute to sanction such claim as is now set up. This suit is brought upon the judgment, after it has been satisfied and discharged, and in the name of the creditor who has given the discharge.

The opinion of the Court was by

TENNEY J. — A lien upon the costs in a judgment and execution does not exist at common law in favor of the attorney, through whose agency they have been obtained. But the statute of Massachusetts, chap. 84, passed in 1810, which empowers and directs the officer, who may have executions in which the creditor in one is the debtor in the other, to cause one execution to answer and satisfy the other, so far as the same will extend, provides, that this direction, shall not affect or discharge the lien, which an attorney has or may have upon any judgments or executions for his fees or disbursements. This statute the Courts in Massachusetts at different times have examined, and treated as amounting to a legislative declaration, that such a lien does certainly exist.

When Maine became a separate State, the same provision was incorporated into its laws, in chap. 60, sect. 11, of the statutes of 1821, after the construction of the Courts had been published. In *Potter, Judge,* v. *Mayo & als.* 3 Greenl.

37, the Court had the same statute under consideration; and although the question before them was different from the present, and did not require an opinion, whether it gave absolutely such a lien or not, for no dispute arose in that respect, yet the reasoning of Chief Justice MELLEN proceeds upon the ground, that the lien does unquestionably exist upon a judgment execution.

We are then to inquire, whether the lien could be lost because the executions had expired, and so long a time had elapsed, that they could not be renewed; and if not, whether the creditor could discharge the judgment, so that an action cannot be maintained upon it for the amount secured by the lien.

An officer, having in his hands, executions, in which the creditor in one is the debtor in the other, who makes an offset of the whole amount, refusing or omitting to except the taxable costs of the attorney, is held liable for such costs; this is upon the ground, that the creditor is not to be benefitted by, and cannot control the costs to the prejudice of the attorney; consequently the release thereof by the creditor alone, the debtor having notice of the lien, is a void act, and can in no wise destroy the lien, and discharge that portion of the judgment.

An unsuccessful attempt of the attorney to obtain satisfaction of judgment, and the expiration of the execution issued thereon, no negligence being imputed to the attorney, cannot discharge the lien upon either, when it has once attached; lapse of time alone ought not, and cannot annul it. It follows then, that when such a lien exists, the costs taxed and secured thereby, remain an unsatisfied part of the judgment, notwithstanding the creditor's release.

This action is brought for the benefit of the attorneys of the plaintiff, who are such of record, as we infer from the case; with them the defendants had long been endeavoring to obtain a discharge of the judgments, on which this action is brought, by a compromise; they are presumed to have had

full knowledge of the lien, and they are not to be exonerated from the effect of it by the acts of the plaintiff alone.

Defendant to be defaulted, and judgment for the amount of costs and interest thereon and costs in this suit.

By the Reporter.— *See* Rev. Stat. c. 117, § 1, 37.